UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MONTGOMERY,<br>Plaintiff,<br>v.<br>UNITED AIRLINES, INC., et al.,<br>Defendants. | Case No. 15-cv-00459-VC<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br>Re: Doc. No. 27 |

The plaintiff in this case was originally part of a lawsuit filed in the Northern District of California by 23 current or former employees of United Airlines alleging race discrimination with respect to promotions. After several rounds of motions to dismiss for failure to state a claim, the previously-assigned judge concluded that the plaintiffs had ultimately stated a claim for disparate treatment discrimination (but not disparate impact discrimination). Then, the previously-assigned judge concluded that the 23 plaintiffs had been improperly joined, and ordered that the case be severed into 23 separate lawsuits. Each plaintiff then filed a separate complaint (labeled as the "Fifth Amended Complaint"), and the lawsuits were assigned to numerous different judges in the Northern District pursuant to the Court's random assignment system. Then Chief Judge Hamilton, acting in her capacity as Chair of this Court's Executive Committee, issued an order reassigning all 23 cases to the undersigned judge, to conserve judicial resources and avoid duplication of effort.

Even though each plaintiff filed a separate complaint, the complaints were nothing but cut-and-paste jobs. And with respect to promotional opportunities that were unposted, it did not appear that any of the complaints stated a claim for race discrimination, because no individual complaint included allegations about which unposted promotional opportunities the plaintiff had made himself available for. As a result, in almost all the cases, the undersigned judge issued an

1  order to show cause why the claims relating to unposted positions should not be dismissed (with
2  one more chance to amend) for failure to state a claim for race discrimination.

3  But in this case, it also appeared from the face of the complaint that the lawsuit was not
4  properly brought in this district. Accordingly, in this case, rather than issuing the above-
5  referenced order to show cause, the court first permitted the defendants to file a motion to transfer.
6  That motion is now granted.

7  Title VII's venue provision, which governs this case, provides that a case may be brought:
8  (1) "in any judicial district in the State in which the unlawful employment practice is alleged to
9  have been committed," (2) "in the judicial district in which the employment records relevant to
10 such practice are maintained and administered," or (3) "in the judicial district in which the
11 aggrieved person would have worked but for the alleged unlawful employment practice." 42
12 U.S.C. § 2000e-5(f)(3).

13 The unlawful employment practice is committed either where the decision is made or
14 where the effect of the decision is felt, usually where the employee works. *Passantino v. Johnson*
15 *& Johnson Consumer Prods. Inc.*, 212 F.3d 493, 505 (9th Cir. 2000). The parties agree that
16 United's decisions about how to fill vacancies are made where the vacant position is located, but
17 the plaintiff, Mr. Montgomery, does not allege he was denied any positions or special assignments
18 in California. Mr. Montgomery works at Dulles and lives in Virginia; he has never worked in
19 California. Thus, the complaint does not allege any unlawful employment practice was committed
20 in California.

21 Next, Montgomery asserts that his employment records are electronically stored in
22 United's software program, TALEO, which is hosted by Oracle, a California company. And he
23 asserts that because the IP address connects back to Redwood Shores, California (where Oracle is
24 located), this is enough to confer venue. But the statute provides that the action may be brought
25 where the relevant records are "maintained and administered," not where the IP address for the
26 server is located. And in any event the evidence shows the records are stored on a server outside
27 of Chicago. Dubois Decl. ¶ 3.

28 Finally, because Montgomery does not allege he sought and was denied promotional

2

opportunities in California, by definition he would not have worked in California but for the alleged race discrimination. For these reasons, this district is not the proper venue. Because this case could have been filed in the Eastern District of Virginia, because the plaintiff lives and works in that district, and because this appears to be the most convenient venue for the parties and witnesses, the case is transferred to the Eastern District of Virginia.[1]

And even if somehow venue were proper in this district, the court would exercise its discretion to transfer the matter to the Eastern District of Virginia for convenience of the parties and the witnesses. The only reason this case is presently in this district is that counsel for the plaintiff wants to keep the previously-joined cases together in San Francisco, presumably for strategic reasons or for the lawyers' own convenience (or some combination of the two). But those concerns are outweighed by the fact that this is, in virtually all respects, a dispute that arose and resides in the Eastern District of Virginia.

**IT IS SO ORDERED.**

Dated: May 22, 2015

VINCE CHHABRIA
United States District Judge

---

[1] The defendants have moved for a transfer to the Eastern District of Virginia. In response to the transfer motion, the plaintiff has not requested, as an alternative to keeping the case here, transfer to a venue other than the Eastern District of Virginia.

3